# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO CAMPBELL, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Case No. 2:14-cv-00623-JEO |
| UNITED OF OMAHA LIFE INSURANCE COMPANY and J&B IMPORTERS WELFARE PLAN, | ) ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

This case arises out of the denial of Plaintiff Antonio Campbell's claims for short-term disability ("STD") and long-term disability ("LTD") benefits under group disability insurance policies issued by United of Omaha Life Insurance Company ("United of Omaha") to Campbell's employer, J&B Importers, Inc. ("J&B") (collectively "the Defendants"). Campbell brought his various claims in this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"). Those claims included a request for reinstatement and payment of benefits, breach of fiduciary duty, and failure to provide required documents. (Doc.[1] 1). Following motion practice, the court found that the

---

[1] References to "Doc.(s) __" are to the document numbers assigned by the Clerk of the Court to the pleadings, motions, and other materials in the court file, as reflected on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.

Defendants improperly denied his claim for STD benefits through February 16, 2012 and for LTD benefits until the end of October 2014. (Docs. 47 & 48). Accordingly, the court required the parties to calculate the short-term and long-term benefits and interest that accrued to Campbell's benefit premised on the court's findings. (*Id*. at 48). The court also informed Plaintiff's counsel of his right to make application for reasonable attorney's fees and costs. (Doc. 49).

      Plaintiff filed a "Request for Reconsideration of the Court's Order," which is presently before the court. (Doc. 72). He asserts that the court erred in (1) applying a deferential review standard to the denial of his claims and (2) "crafting a new denial" that his LTD benefits should terminate as of October 2012. (*Id*. at 2, 21-33). The court set the motion for oral argument. At the argument, Plaintiff's counsel further argued as to the second claim that the court prejudiced Campbell by limiting his ability to respond to the decision. (Doc. 78 at 9). Counsel argues that if the court had remanded the matter to the administrator, he (Campbell) would have been permitted to submit new evidence. (*Id*. at 9-10). By way of example, he states that because of the court's determination, he was denied the opportunity to offer additional evidence or place in context the progress note of Dr. Camilo Gomez, which this court relied upon in reaching its determination of Campbell's benefits. (*Id*. at 11-12). Counsel for the Defendants argues that the determination

of the court is not a "new decision," but a review of the entire administrative process through the June 17, 2013 affirmance by United of Omaha of the denial of Campbell's STD and LTD benefits. (*Id*. at 17).

The court is not impressed with Campbell's first argument concerning the determination of the appropriate standard. The court remains convinced in the reasoning detailed in the lengthy memorandum opinion previously entered in this case. As to the second matter, the court finds that Campbell's argument is well-founded to the extent the court determined his LTD benefits properly terminated as of October 2012. Despite its prior ruling, the court now believes the proper and prudent recourse is to remand this matter to the Plan administrator for further proceedings premised on the finding that the administrator improperly denied him benefits when his LTD policy became effective. While the administrator will be required to award Campbell the STD and LTD benefits erroneously denied because the decisions were arbitrary and capricious, nothing in this order precludes the administrator from further evaluating the length and duration of Campbell's disability for the purpose of awarding LTD benefits. The administrator is not limited, however, by the court's previous determination concerning the duration or scope of his LTD benefits.[2] Similarly, Campbell should not be precluded from

---

[2] The court notes that the parties are in agreement as to the amount due under the STD plan, including interest, as of November 25, 2015. (*See* Doc. 59 at 1-2 & n.1).

presenting additional evidence and/or argument concerning his condition, particularly as it relates to the opinions of Dr. Gomez.

In sum, the court finds this matter is due to be remanded to the Plan administrator for further proceedings. The court retains jurisdiction over the claim for attorneys' fees pursuant to FEDERAL RULE OF CIVIL PROCEDURE 54(d)(2)(B). (*See* Doc. 59 at 2, n.3). The parties will be afforded until **April 26, 2017**, to resolve this aspect of the case. If they do not, Plaintiff's counsel's claim for attorney's fees and costs shall be filed by **April 26, 2017**. Any response from Defendants concerning the fees and costs will be due on **May 8, 2017**.

An appropriate order in accordance with this memorandum opinion will be entered.

**DONE**, this the 30th day of March, 2017.

_John E. Ott_
_____
**JOHN E. OTT**
Chief United States Magistrate Judge